IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEFFERY WAYNE SHAW                                                                                    PLAINTIFF

v.                                    Civil No. 6:22-cv-06044-SOH-MEF

DEPUTY LOFTEN
(#554 Garland County Detention Center)                                                             DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant's Motion for Summary Judgment. (ECF Nos. 42, 43, 44).

**I.      BACKGROUND**

Plaintiff filed his Complaint on April 20, 2022. (ECF No. 1). He alleges he was subjected to excessive force and denied medical care while incarcerated in the Garland County Detention Center ("GCDC"). (*Id*.). Specifically, he alleges that on January 24, 2022, he came back from court and started kicking a basketball in the yard. (*Id*. at 4). Defendant Loften then entered the play area and told him he would need to be placed in lockdown because he had kicked the ball. (*Id*.). Plaintiff alleges he then left and headed to his cell. (*Id*. at 5). He alleges Defendant Loften then pushed him into the cell, slamming the door shut. (*Id*.). After less than two minutes, Plaintiff alleges Defendant Loften came back, opened the cell door, leaned against the door, and kicked Plaintiff in the right side of his chest. (*Id*.). Plaintiff alleges Defendant Loften "had no right to put his hands on me," and Plaintiff had given him no reason to either push him or kick him in the chest. (*Id*.). Plaintiff believes Loften was "in his feelings that day." (*Id*.). Plaintiff alleges his

1

right chest, back, and neck were injured. Plaintiff sought treatment for these areas, was told nothing could be done, and was given Tylenol. (*Id*. at 6).

Plaintiff proceeds against Defendant Loften in his individual capacity. (*Id*. at 5). He seeks compensatory and punitive damages. (*Id*. at 9).

On November 28, 2022, Defendant filed a Motion to Consolidate this case with Case No. 6:22-cv-06065. (ECF Nos. 25, 26). The Motion was granted on December 5, 2022, making this case the lead case. (ECF No. 27). On March 20, 2023, the case was reassigned from Judge Barry Bryant to the undersigned as part of routine District case-load balancing.

Defendant filed his Motion for Summary Judgment on November 6, 2023. (ECF Nos. 42, 43, 44). He argues he is entitled to summary judgment in his favor because: (1) he used a constitutionally appropriate amount of force to refute Plaintiff's aggression; and (2) to the extent Plaintiff alleges he was denied medical care after the incident, he had no personal involvement in Plaintiff's medical care. (ECF No. 43). He states he only made physical contact with Plaintiff after Plaintiff continued to refuse verbal commands to enter his cell. He describes the incident as follows:

> Shaw can be seen in surveillance videos actively arguing with Loften[1] while Loftin directs him toward his cell. As Shaw approaches his cell, he begins to walk inside, then abruptly turns toward Loftin and instead moves to the side of his cell door and leans against the wall. Loftin again points to Shaw's cell and orders him to go inside. Shaw continues to refuse the order. Loftin ultimately uses his hand to assist Shaw into his cell and Shaw pushes his body back against Loftin. Loftin attempts to shut the door to Shaw's cell, when Shaw uses his body to block the door from being closed. Loftin only initiated physical contact with Shaw following Shaw's acts of resistance and aggression. When the resistance is quelled by Shaw's cell door being closed securely, Loftin walks away and does not engage any further with Shaw.

---

1 Defendant indicates the proper spelling of his name is Loftin.

2

(*Id*. at 6). Defendant states he used his "foot to move Shaw back after he blocked his cell door from closing." (*Id*. at 5).

Defendant provides sworn affidavits from Chief and Jail Administrator Steven Elrod and Loften. (ECF Nos. 42-1 at 1-3, 42-2). Both state that two surveillance cameras captured the incident. (ECF No. 42-1 at 1, 42-2 at 2). Both Loften and Elrod state that the videos and incident were reviewed and Loften's actions were found to be in accordance with the facility use of force policy. No disciplinary action was taken. (ECF No. 42-1 at 2, 42-2 at 2). The Incident Report and subsequent review documents are attached. (ECF No. 42-1 at 9-10). The videos were provided for the Court's review. Plaintiff's medical records were also provided. (ECF No. 42-5).

On November 7, 2023, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response. (ECF No. 45). Plaintiff filed a Response on November 17, 2023. (ECF No. 46). This Response will be summarized below.

On November 27, 2023, Defendant's counsel filed a Notice with the Court stating he could not be certain that the Motion and all supporting documents had been mailed to Plaintiff due to a potential office error. (ECF No. 47). He confirmed that the Motion and all documents had been mailed as of the date of the filing. (*Id*.). Due to this Notice, the Court entered a Second Order noting the uncertainty of mailing, and advising Plaintiff he would have additional time to file his Response. (ECF No. 49). Plaintiff filed a Response on December 15, 2023, stating that he never received a copy of the Motion for Summary Judgment and supporting documents. (ECF No. 50). On December 18, 2023, the Court entered an Order directing Defendant to immediately re-send a copy of his Motion for Summary Judgment, Brief, and all accompanying documents or exhibits to Plaintiff, and to notify the Court as to when the documents have been sent. (ECF No. 51). On December 20, 2023, Defendant filed a Notice indicating all documents had been mailed. (ECF

3

No. 52).  On January 4, 2024, Plaintiff filed a Notice that he had received a USB drive directly from Defendant in violation of ADC policy.  (ECF No. 54).  Plaintiff filed a Second Response on January 5, 2024.  (ECF No. 55).

In his First Summary Judgment Response, Plaintiff provided a one-paragraph affidavit and 20 pages of exhibits.  (ECF No. 46).  The affidavit states:

> All attached documents are proof of incident that occurred on 1-24-22 at the Garland County Detention Center.  And is all accuret to the best of my knowledge.  And Deputey Loften used excessive force by kicking me that was his version of assisting me to my cell.  See attached.

Plaintiff provided no argument and no citation to document and page numbers as directed in both Orders directing him to submit his Response.

In his Second Summary Judgment Response, Plaintiff indicated that he denies paragraphs 2, 3, 4, and 5 of Defendant's Statement of Undisputed Facts.  (ECF No. 55).  He then states, "All the averments in the Plaintiff motion are in dispute making summary judgment inappropriate." (*Id*. at 2).  Plaintiff provides no elaboration regarding the denials and no document citation.  Based on a review of Defendant's Statement of Facts, Plaintiff has denied that he was booked into Garland County Detention Center on October 13, 2021, as a pretrial detainee; denies that an Incident Report was filed on January 24, 2022; denies that surveillance cameras captured the incident from different angles; and denies that the video begins with Plaintiff and Defendant walking through the inmate common area "in the midst of a verbal argument."  (ECF No. 44).  The Court notes that Defendant's Statement of Facts contains 20 paragraphs.  The Plaintiff did not address the remainder of the Defendant's allegations, other than his general statement that all averments are in dispute.  Nor did his paragraph numbers align with the Defendant's as required by the Local Rules.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. ANALYSIS

### A. Plaintiff's Failure to Follow Local Rules of Civil Procedure

Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts. Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts. Under Local

Rule 56.1(c), "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)." *Pro se* inmates are advised of these requirements in the Order directing them to file a summary judgment response. *Pro se* inmates are also advised of these requirements in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.

Here, Plaintiff submitted a separate document in which he denied four facts. (ECF No. 55). He did not use the same paragraph numbering as required by the Local Rules. As discussed above, none of these four facts are material to the question of whether excessive force was used against him for the incident described in his Complaint or whether he was denied medical care. Further, other than a vague blanket denial which is not permitted under Local Rules, he does not dispute those statements of fact which indicate that the use of force was constitutional or that Defendant Loften was not involved in his medical care.

Due to Plaintiff's failures, Defendant Loften's Statement of Facts is deemed admitted pursuant to Local Rule 56.1(c). In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Amended Complaint. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001). "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint . . .." *Id*. As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment

motion. *Id.* The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified complaint . . .." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

### B. Plaintiff's Claims

Plaintiff's allegations concerning the use of excessive force and denial of medical care are contradicted by the summary judgment record. As discussed above, Defendant Loften's facts are deemed admitted. Defendant Loften has also provided sworn declarations and objective evidence contradicting Plaintiff's claims. Among the objective evidence were two videos of the incident from two different angles. The Court has reviewed these videos and there is no evidence of the use of excessive force in either one. Instead, the videos support Defendant's Statement of Facts. The attached medical records also support Defendant's Statement of Facts and Brief in Support, showing that there was no evidence Plaintiff suffered any injury during the incident.

Plaintiff filed a Response in the form of a one-paragraph affidavit, which provided no argument and no citation to document and page numbers as directed in both Orders directing him to submit his Response. (ECF No. 46). Specifically, in both Orders Plaintiff was advised that:

> if he intends to rely upon any records or exhibits that have been previously filed with the Court, Plaintiff must specifically refer to those documents by ECF document and page numbers. The Court will <u>not</u> sift through the file to find support for the factual contentions. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages in the record that supported his position).

(ECF Nos. 45, 49) (emphasis in originals). Plaintiff has failed to comply with these Orders. Instead, he directs the Court to "[s]ee attached." In other words, he is telling the Court to "sift through the file" to find support for his contentions. Further, Plaintiff's verified Complaint provides only conclusory statements insufficient to counter the objective records provided by

7

Defendant Loften. As the non-moving party, Plaintiff has the burden to show there is sufficient evidence to support a jury verdict in his favor. *See*, *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) ("[Non-moving party] must show there is sufficient evidence to support a jury verdict in their favor."). The Plaintiff has failed to meet that burden.

Plaintiff's claims are contradicted by the summary judgment record such that no reasonable jury could believe them. Accordingly, Defendant Loften is entitled to summary judgment as a matter of law.

### IV. CONCLUSION

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 42) be GRANTED, and that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE.

**Referral Status: This case should not remain referred as dismissal of the entire case is recommended.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of June 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE